Calvin L. Litsey (SBN 289659)
Calvin.Litsey@FaegreBD.com
Helen Chacon (SBN 293067)
Helen.Chacon@FaegreBD.com
FAEGRE BAKER DANIELS LLP
1950 University Avenue, Suite 450
East Palo Alto, California 94303
Phone:  (650) 324-6700
Fax:      (650) 324-6701

Joel D. Sayres (SBN 223399)
Joel.Sayres@FaegreBD.com
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Phone:  (303) 607-3500
Fax:      (303) 607-3600

Attorneys for Plaintiff Xtime, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Xtime, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Mobile Productivity, LLC d/b/a AutoPoint, <br><br> Defendant. | Case No.  **3:17-cv-96** <br><br> **COMPLAINT** <br><br> **Demand for Jury Trial** |

For its Complaint against Defendant Mobile Productivity, LLC d/b/a AutoPoint ("AutoPoint"), Plaintiff Xtime, Inc. ("Xtime") states and alleges as follows:

## THE PARTIES

-1-

**COMPLAINT OF PLAINTIFF XTIME**

US.109708386.01

1. Plaintiff Xtime is a California corporation with its principal place of business in Redwood City, California.

2. Defendant AutoPoint is, on information and belief, a Nevada limited liability company with its principal place of business in South Jordan, Utah.

## JURISDICTION AND VENUE

3. This is an action for federal trademark and service mark infringement and false designation of origin under the provisions of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.,* and for unfair and deceptive trade practices under California Business and Professions Code §§ 17200 and 17500.

4. This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5. The exercise of *in personam* jurisdiction over Defendant AutoPoint comports with the laws of the State of California and the constitutional requirements of due process at least because AutoPoint is, on information and belief, advertising, offering for sale, and providing services under the Infringing Mark (as hereafter defined) in California and to California residents, thereby engaging in wrongful conduct in California. In addition, AutoPoint engaged in this wrongful conduct intentionally, with knowledge that it would cause harm to Xtime in California and is in fact causing such harm.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because AutoPoint is subject to personal jurisdiction in this District, resides in this District, and a substantial part of the events giving rise to the asserted claims occurred in this District.

## GENERAL ALLEGATIONS

### Xtime and its Infinity Marks

7.  Plaintiff Xtime is one of this country's leading providers of software services for the motor vehicle industry, including software services for appointment and reservation scheduling, dealership automation, time inventory management, resources management and workforce management. Xtime's offerings include Xtime Spectrum, the automotive industry's first fully-integrated, cloud-based customer retention system. Xtime Spectrum includes, among other things, software services allowing online, mobile or in-dealership scheduling and booking of appointments; service parts and labor menu pricing; dealership service time inventory management; service lane reception; service marketing including customer two-way text messaging; vehicle inspection products; and a variety of other customer retention solutions for dealerships.

8.  For many years, Xtime has made extensive use of its well-known Infinity Logo in connection with the above-identified services to the motor vehicle industry. One such use is depicted below as a part of Xtime's U.S. Trademark Registration No. 2,862,550 (the "'550 Registration"). Xtime's '550 Registration was filed on December 9, 2002, with a date of first use at least as early as February 7, 2000. The '550 Registration is valid and subsisting and it is incontestable under 15 U.S.C. § 1065.

∞xtime

9.  Xtime also has frequently used the Infinity Logo in connection with its software services separate and apart from the text "xtime." Xtime has therefore obtained common law trademark rights in the Infinity Logo in connection with its

offerings as a software service provider, including, for example, in the manner depicted below:



10. Over the years, Xtime's Infinity Logo and the mark set forth in the '550 Registration (collectively, the "Infinity Marks") have come to be widely recognized by the general consuming public as designations of source for Xtime's services. This is, at least in part, a result of extensive advertising, publicity and sales under the Infinity Marks.

### Defendant and Its Infringing Activities

11. Defendant AutoPoint is, like Xtime, a provider of similar software services for the motor vehicle industry. AutoPoint's services are in direct competition with those offered by Xtime under the Infinity Marks.

12. AutoPoint has, on information and belief, recently commenced use of a confusingly similar design (the "Infringing Mark") in connection with software services that it offers in competition with Xtime. A comparison of Xtime's Infinity Logo, and AutoPoint's Infringing Mark, is provided below:

| **Xtime's Infinity Logo** | **AutoPoint's Infringing Mark** |
|---|---|
| | |

13. On information and belief, AutoPoint commenced use of the Infringing Mark after Xtime had adopted its Infinity Marks and obtained the '550 Registration.

14. On information and belief, AutoPoint commenced use of the Infringing Mark with knowledge of Xtime's Infinity Marks and the services Xtime offered under its Infinity Marks.

15. On information and belief, AutoPoint commenced use of the Infringing Mark with an intent to trade on the goodwill and consumer recognition that had been built up in Xtime's Infinity Marks.

16. AutoPoint's use of the Infringing Mark is likely to cause confusion and mistake among consumers as to the source or origin of AutoPoint's services and/or as to an affiliation between AutoPoint's operations under the Infringing Mark and Xtime's operations under the Infinity Marks.

17. Xtime has informed AutoPoint of Xtime's trademark rights and of AutoPoint's confusing and wrongful use of the Infringing Mark, demanding that AutoPoint cease and desist from that use. Notwithstanding this demand, AutoPoint has declined to cease and desist from its use of the Infringing Mark and even today continues to use the Infringing Mark.

18. By using the Infringing Mark, AutoPoint is willfully and intentionally trading upon the goodwill that Xtime has, at its considerable expense and effort, developed in the Infinity Marks. AutoPoint thereby has caused and is causing Xtime substantial and irreparable harm and injury.

### FIRST CLAIM FOR RELIEF
### Infringement of Federally Registered Mark
### (15 U.S.C. § 1114)

19. Xtime repeats, realleges, and incorporates by reference all preceding paragraphs as if fully set forth herein.

20. Xtime's federal registration for the '550 Registration evidences Xtime's exclusive right to use the mark in connection with the services identified

therein.

21. On information and belief, Xtime commenced use of the mark in the '550 Registration in interstate commerce in connection with software services prior to AutoPoint's commencement of use of the Infringing Mark.

22. AutoPoint is not authorized to use the Infringing Mark or any mark confusingly similar or that in any way represents or implies that AutoPoint and/or its services are in any way associated with Xtime and/or the services offered under the '550 Registration.

23. AutoPoint's unauthorized use of the Infringing Mark in connection with its services constitutes trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. AutoPoint's use of the Infringing Mark is likely to cause confusion, mistake, and/or deception in the marketplace as to the source or origin of AutoPoint's services, and falsely suggests that AutoPoint and/or its services are sponsored by or otherwise affiliated with Xtime.

24. As a direct and proximate result of AutoPoint's knowing, deliberate, and willful infringement of Xtime's marks, Xtime has suffered, and will continue to suffer, irreparable harm to its business, reputation, and goodwill, unless and until AutoPoint's actions as alleged herein are enjoined. Xtime is therefore entitled to injunctive relief and to a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

25. AutoPoint's infringement of the rights of Xtime has been knowing, willful, and in deliberate disregard of federal law. Accordingly, this is an exceptional case and Xtime is entitled to enhanced damages and reasonable attorneys' fees under 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF
**False Designation of Origin**
**(15 U.S.C. § 1125(a))**

26. Xtime repeats, realleges, and incorporates by reference all preceding paragraphs as if fully set forth herein.

27. AutoPoint's use of the Infringing Mark is so similar to Xtime's Infinity Marks that AutoPoint's use is likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of the parties' respective offerings, and/or as to the affiliation, connection, or association between AutoPoint and/or its services and Xtime and/or its services.

28. AutoPoint has used and continues to use the Infringing Mark in connection with the services AutoPoint distributes, advertises, offers for sale and/or sells in interstate commerce in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of AutoPoint with Xtime and/or as to the origin, sponsorship, or approval of AutoPoint's services or commercial activities by Xtime.

29. AutoPoint is, pursuant to 15 U.S.C. § 1125(a), liable to Xtime for AutoPoint's acts of false designation of origin.

30. No adequate remedy exists at law for the irreparable harm AutoPoint's acts of false designation of origin have caused and are causing Xtime. Xtime is therefore entitled to preliminary and permanent injunctive relief.

31. AutoPoint's acts of false designation of origin have caused and continue to cause damage and harm to Xtime. Xtime is therefore entitled to a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

32. AutoPoint's acts of false designation of origin have been knowing, willful and in deliberate disregard of Xtime's rights and of AutoPoint's obligations

_____
**COMPLAINT OF PLAINTIFF XTIME**

US.109708386.01

under federal law. Accordingly, this is an exceptional case and Xtime is entitled to enhanced damages and reasonable attorneys' fees under 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
### Unfair Business Practices
### (Cal. Bus. & Prof. Code §§ 17200 & 17500)

33. Xtime repeats, realleges, and incorporates by reference all preceding paragraphs as if fully set forth herein.

34. AutoPoint's use of the Infringing Mark in the course of its business constitutes unlawful, unfair and/or fraudulent business practices in violation of Cal. Bus. & Prof. Code § 17200.

35. AutoPoint's use of the Infringing Mark in the course of its business constitutes untrue and misleading statements, which is known or which by the exercise of reasonable care should be known, to be untrue or misleading in violation of Cal. Bus & Prof Code §17500.

36. AutoPoint's use of the Infringing Mark in the course of its business misrepresents the character and nature of its business in violation of Cal. Bus & Prof Code §17505.

37. Xtime is entitled to an injunction pursuant to Cal. Bus & Prof Code §17203.

### PRAYER FOR RELIEF

**WHEREFORE**, Xtime prays that this Court:

A. Issue a preliminary and permanent injunction enjoining AutoPoint and its agents, licensees, officers, employees, successors, and anyone acting in concert or privity with AutoPoint from using the Infringing Mark or any other mark or designation confusingly similar to Xtime's Infinity Marks.

1     B.    Award Xtime a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

    C.    Enter judgment ordering AutoPoint to pay Xtime its reasonable taxable costs and attorney's fees in this action in a sum and manner deemed appropriate by this Court pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

    D.    Grant Xtime such other equitable and legal relief as the Court deems appropriate.

Respectfully submitted,

January 9, 2017                    /s/ Calvin L. Litsey

                                   Calvin L. Litsey (SBN 289659)
                                   Calvin.Litsey@FaegreBD.com
                                   Helen Chacon (SBN 293067)
                                   Helen.Chacon@FaegreBD.com
                                   FAEGRE BAKER DANIELS LLP
                                   1950 University Avenue, Suite 450
                                   East Palo Alto, California 94303
                                   Phone: (650) 324-6700
                                   Fax:    (650) 324-6701

                                   Joel D. Sayres (SBN 223399)
                                   Joel.Sayres@FaegreBD.com
                                   FAEGRE BAKER DANIELS LLP
                                   3200 Wells Fargo Center
                                   1700 Lincoln Street
                                   Denver, CO 80203
                                   Phone: (303) 607-3500
                                   Fax:    (303) 607-3600

                                   *Attorneys for Plaintiff*
                                   *Xtime, Inc.*

**COMPLAINT OF PLAINTIFF XTIME**

US.109708386.01

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff Xtime Inc. respectfully demands a trial by jury.

Dated: January 9, 2017                                   /s/Calvin L. Litsey
                                                        _____

Calvin L. Litsey (SBN 289659)
Calvin.Litsey@FaegreBD.com
Helen Chacon (SBN 293067)
Helen.Chacon@FaegreBD.com
FAEGRE BAKER DANIELS LLP
1990 S. Bundy Drive, Suite 620
Los Angeles, California 90025
Phone: (650) 324-6700
Fax:     (650) 324-6701

Joel D. Sayres (SBN 223399)
Joel.Sayres@FaegreBD.com
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Phone: (303) 607-3500
Fax:     (303) 607-3600

*Attorneys for Plaintiff*
*Xtime, Inc.*